FENNEMORE CRAIG, P.C.
Anthony W. Austin (No. 025351)
Elizabeth A. Delnegro (No. 034613)
2394 East Camelback Road, Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: aaustin@fclaw.com
Email: ldelnegro@fclaw.com

*Attorneys for Plaintiff/ Creditor*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>DAVID M. RAIFFE,<br><br>Debtor. | Chapter 7 Proceeding<br><br>Case No.: 2:18-BK-15086-DPC<br><br>**Adv. #:** |
| UNITED MIDWEST SAVINGS BANK dba MIDWEST BUSINESS CAPITAL,<br><br>Plaintiff,<br><br>v.<br><br>DAVID M. RAIFFE, an individual,<br><br>Defendant. | **COMPLAINT TO EXCEPT DEBT FROM DISCHARGE UNDER 11 USC § 523(A)(2), (4) AND (6)** |

Plaintiff United Midwest Savings Bank dba Midwest Business Capital ("Midwest") brings this Adversary Action pursuant to 11 U.S.C. § 523(a)(2), (4) and (6) and Rule 4004(d), *Fed. R.B.P.* Pursuant to *Fed. R.B.P.* 7008, Midwest consents to entry of final orders or judgment by the bankruptcy court. Plaintiff hereby allege as follows:

**GENERAL ALLEGATIONS**

1. Midwest is federal savings association with its principal place of business in DeGraff, Ohio.

2. David M. Raiffe ("Debtor") is a married man who seeks relief in this Court under Chapter 7 in his individual capacity.

3. Debtor caused the events that are the subject of this Complaint and which occurred in Ohio. Debtor resides in Arizona.

4. In May 2016, Debtor applied for a loan from Midwest.

5. Debtor represented to Midwest that the loan was for growing his businesses in Ohio.

6. In connection with the loan application, Debtor provided a personal financial statement that purported to list his assets as of May 29, 2016.

7. The personal financial statement was relied upon by Midwest in its decision to loan the proceeds to Debtor's entities and accept a personal guaranty from Debtor.

8. On or about July 20, 2016, Midwest entrusted Debtor with and Debtor accepted the loan proceeds of $400,000 for a dental practice acquisition.

9. Unbeknownst to Midwest, Debtor, in April 2016, had purchased a home in Arizona for $1,500,000 and intended to move to Arizona.

10. Debtor never disclosed to Midwest his intent to move from Ohio, where his practice was, to Arizona.

11. The personal financial statement provided to Midwest by Debtor, did not list the Arizona home or the related indebtedness of $1,200,000.

12. The personal financial statement also states that in May 2016, Debtor was living at an address in Ohio.

13. Debtor signed the personal financial statement and attested it "true and accurate."

14. Further, Debtor attested that the personal financial statement was "for the purpose of either obtaining or guaranteeing a loan."

15. At the time Debtor prepared the financial statement he knew it was false and misleading.

16. When Debtor delivered the financial statement to Midwest, he intended for the bank to rely on the statement in determining whether to grant Debtor a loan.

17. Midwest reasonably and justifiably relied on the financial statement as is the standard practice in the banking industry.

18. Had Debtor informed Midwest of the home, the indebtedness, or his intent to move to Arizona, the loan would not have been made.

19. Upon information and belief, the dental practice had not seen patients since May 2017, prior to the release of the loan proceeds to Debtor.

20. Debtor's conduct in obtaining the loan was willful and malicious.

21. Debtor failed or refused to make payments as required under the terms of the loan.

22. The unpaid principal balance on the loan is $372,714.20.

23. On November 3, 2017, the Franklin County Court of Common Pleas entered judgment against Debtor in the amount of $372,714.20 plus accruing interest and attorneys' fees and cost.

24. Since entry of the judgment, Debtor has failed to make any payment on the obligations.

## COUNT ONE

### (Fraud and Embezzlement; 11 U.S.C. § 523(a)(4))

25. Plaintiff incorporates by reference each of the allegations set forth in the foregoing paragraphs as though fully set forth herein.

26. Fraud consists of a deceitful practice or willful device, resorted to with intent to deprive another of his right, or in some manner to do him an injury.

FENNEMORE CRAIG, P.C.
PHOENIX

14680316

27. Debtor intentionally concealed from Midwest his Arizona assets and intent to move from Ohio.

28. Debtor did so to obtain a loan he knew he would not receive had such information been disclosed.

29. Midwest believes that Debtor accepted the business acquisition proceeds and converted them for his own personal use.

30. Debtor's actions were done with intent to deprive Midwest of the loan proceeds which have caused injury to Midwest.

31. As a result of Debtor's fraudulent conduct, Plaintiff has been damaged in an amount not less than approximately $372,714.20.

## COUNT TWO

### (Willful and Malicious Injury; 11 U.S.C. § 523(a)(6))

32. Plaintiff incorporates by reference each of the allegations set forth in the foregoing paragraphs as though fully set forth herein.

33. If the Debtor intends injury to the creditor or to his property, the debt is nondischargeable. 11 U.S.C. § 523(a)(6). *See In re Peklar*, 260 F.3d 1035 (9th Cir. 2001).

34. The "willful" element simply addresses whether the debtor intentionally performed the basic act alleged. "Willful" conduct is conduct that is volitional and deliberate and over which the debtor exercises meaningful control, as opposed to unintentional or accidental conduct. *In re Groshans*, 114 B.R. 258, 260 (D. Colo. 1990).

35. The focus of the "malicious" inquiry is on the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury to the creditor. *Id.*

36. Debtor intentionally deprived Midwest of the loan proceeds. His conduct in preparing a false personal statement was an intentional and willful act.

37. Debtor obtain the loan proceeds without intending to repay the loan.

1     38.     Debtor further knew or should have known that failure to repay the loan would harm Midwest.

39.     Debtor's fraudulent, willful, deceitful and malicious conduct caused Midwest harm in an amount not less than approximately $372,714.20.

## COUNT THREE

### (Money Obtained By False Pretenses; 11 U.S.C. § 523(a)(2))

40.     Plaintiff incorporates by reference each of the allegations set forth in the foregoing paragraphs as though fully set forth herein.

41.     If the Debtor obtained money or property by false pretenses, a false representation, or actual fraud by use of a written statement that is materially false on which the creditor reasonably relied and which was published by the Debtor with the intent to deceive, the debt for fraud is nondischargeable. 11 U.S.C. § 523(a)(6); *See In re Sabban*, 384 B.R. 1 (9th Cir. BAP 2008); *In re Diamond*, 285 F.3d 822 (9th Cir. 2002).

42.     Intent may be "inferred and established from the surrounding circumstances." *In re Abner*, 2009 BL 206994, 5 (Bankr. D. Ariz. Sept. 28, 2009); *In re Hultquist*, 101 B.R. 180 (9th Cir. BAP 1989); *In re Anastas*, 94 F.3d 1280 (9th Cir. 1996); *In re Dakota*, 284 B.R. 711 (Bankr.N.D.Cal. 2002).

43.     Debtor's knowingly false written representations regarding his financial status and the purpose of the loan, were clearly made with the intent and purpose of deceiving Midwest in order to induce Midwest to grant Debtor the loan.

44.     Debtor's actions in fact induced Midwest to grant Debtor the loan.

45.     Midwest's reliance on Debtor's representations were justifiable because it had no reason to know that the Debtor had prepared false financials.

46.     Debtor's false representations caused Midwest to suffer damages in an amount not less than approximately $372,714.20.

FENNEMORE CRAIG, P.C.
PHOENIX

14680316

**WHEREFORE**, Plaintiff prays for the Court to enter judgment against the Debtor as follows:

A. For a determination that the Debtor, through embezzlement and fraud caused injury to the Plaintiff and that Debtor's debt to Plaintiff is not dischargeable in bankruptcy;

B. For a determination that the Debtor caused willful and malicious injury to the Plaintiff and that Debtor's debt to Plaintiff is not dischargeable in bankruptcy;

C. For a determination that the Debtor, through fraud, false pretenses, and false representations by use of written statements, caused injury to the Plaintiff and that Debtor's debt to Plaintiff is not dischargeable in bankruptcy; and

D. For such other relief as the Court deems appropriate.

DATED this 15th day of May, 2019.

          FENNEMORE CRAIG, P.C.

          By */s/ Anthony W. Austin*
             Anthony W. Austin
             Elizabeth A. Delnegro
             *Attorneys for Plaintiff*